## In re Washington County Bar Assn. Grievance Committee

*James C. Bane, Howard O. Stevens* and *Arnold W. Hirsch*, for petitioner.

*Michael A. Hanna*, for district attorney.

CARSON, P. J., January 10, 1961.—The Grievance Committee of the Washington County Bar Association has filed its petition for approval of the committee and its request for the issuance of subpoenas, averring that certain defendants, named and unnamed, had given statements to the district attorney, wherein names of members of the bar association had been mentioned by defendants, "as having been involved in cases, suits or claims that were false, fraudulent or exaggerated." The petition further averred that disclosures and rumors have been circulated ". . . with the result that public confidence in . . . and the integrity of the attorneys is being questioned . . ." and "that an investigation is necessary to protect the good names and reputations of the upright members of the Bar, and to discipline any who may be guilty of improper professional conduct."

Petitioners prayed the court:

1. To approve the committee.

2. To require by a court subpoena the production of the statements of defendants and other persons.

3. That the district attorney be required to appear before the committee to testify to all he shall know concerning such matters.

4. That a subpoena be directed to "Rocco, Berkich, Getz, Rubino, Denie, Watroba and to such other persons as may be named in said transcript."

At a conference with the Grievance Committee and the president of the bar association, the president judge studied the Act of June 4, 1919, P. L. 384, as amended June 12, 1931, P. L. 543, 17 PS §1665. This is the act of assembly which authorizes the court, after approving the committee, to issue subpoenas and to require persons to appear before such committee and testify, "for the purpose of investigating charges against the professional conduct of members." The president judge approved the committee and ordered

a subpoena issued to the district attorney "requiring him to produce the transcript of the testimony or statements taken in the investigation which his office is making of the alleged criminal conduct of James Rocco, Ronald Anthony Dinio, Alvin Berkich, Paul Getz and Mike Watroba," with the limitation that "none of the information obtained be revealed to anyone outside the committee, without first obtaining permission of Court."

The reason for the limitation is obvious. The investigations, testimony and actions of the Grievance Committee have heretofore always been kept secret. The committee cannot perform its duties unless it is protected by privacy until it has functioned. This member of this court has had the experience of serving on this committee and also as president of the bar association, and has knowledge that the committee makes many investigations unknown to the other members of the association and of which the public has no knowledge. The material difference between the proposed investigations and previous investigations is that the instant proceeding has been generally discussed by the public. It was the subject of a feature article in the local press last Friday.

The court is of the opinion that neither the committee nor the other members of the bar have made disclosures in breach of duty or confidence. The court is of the opinion that defendants and their associates have disclosed some of the information which defendants gave to the district attorney.

The legal meaning of the word "charge," is a formal complaint, information or indictment. The court has been informed that no such charge has been made against any member of the bar. We shall disregard the technical objection that the court may be abusing its power to forcibly produce testimony for the committee. We shall also disregard as being beyond the juris-

diction of the court the averment in the petition that "disclosures have been made and rumors circulated so that the names of many of the members of this Bar are being bandied about in places of public resort." We know of no way to prevent these defendants from talking.

It is within the spirit and intention of the said Act of 1931 that, when the bar association appoints a committee to investigate the conduct of its members if the court is satisfied that such an invesigation is necessary or desirable, and that the personnel of the committee is satisfactory, then the court should assist the committee in the performance of its duties. The court is satisfied from the information which it acquired in the hearings held upon the applications of defendant, James Rocco, first, to have his bond reduced and, second, to be discharged on a writ of habeas corpus, that the proposed investigation should be made. In lieu of appointing its own committee, the court is satisfied with the personnel of the committee suggested by the president of the bar association, and we have approved it.

The district attorney was not notified of the presentation of the petition but was served with a copy of the petition and order and accepted both and waived the actual issuance and service thereof. A better practice would have been to have given the district attorney notice of the intended presentation of the petition.

Michael A. Hanna, district attorney, has filed an answer to this petition setting forth, inter alia, that certain statements of persons incarcerated in the Washington County Jail were taken and that these statements contained valuable information necessary for the proper prosecution of criminal cases, of robbery, armed robbery, conspiracy, burglary, etc., presently pending and that to divulge or reveal some of the information contained in the statements would

hinder the successful prosecution of the criminal cases; also that the investigations have not yet been completed and that, in the interest of justice, the statements were submitted to the president judge for his personal examination in order for him to determine whether any or all of said statements should be withheld in order not to interfere with the prosecution of the pending cases.

After full discussion with the members of the committee and the district attorney, the president judge read the transcript of the testimony of Paul David Getz, Robert Rubino and Alvin Berkich, and is of the opinion that these statements do divulge some information which at this time might and likely would interfere with the successful prosecution of the criminal actions against these defendants and other persons against whom serious criminal charges have been duly made. These charges consist of informations which will likely be passed to the February grand jury, which meets on January 23, 1961, two weeks hence.

The district attorney further informed the court that his investigations have not been completed.

Since the filing of the answer, it has been revealed in the newspapers of western Pennsylvania that the district attorney, county detectives and local police officers, with the assistance of the Pennsylvania State Police and of the Federal Bureau of Investigation, have arrested six men who admit two bank robberies, an attempted bank robbery, three other robberies netting $18,000, and an attempted kidnapping with a demand of $200,000.

After reading the statements submitted by the district attorney and the disclosures carried in the newspapers, the court is of the opinion that the duly elected or appointed local, county, State and Federal officers have made much progress in their investigations. They should not be distracted or diverted from their investi-

gations at this time. Several burglaries and robberies are not yet solved. Some of the accused have admitted and others have denied their guilt. Some admit having made false and exaggerated claims against insurance companies. While the district attorney asserts that he is not investigating insurance claims, nevertheless he is prosecuting these same defendants upon the more serious charges which have been duly filed against them.

The Grievance Committee aforesaid is not concerned with the prosecutions of the burglary, robbery, etc., cases against these defendants but is concerned with the charges against the members of the bar. At this time, there is no evidence that any charges have been made against any member of the bar of Washington County. Defendants in their statements have referred to their contacts with members of the bar but these references in their statements would be of little help to the committee unless the entire statements were revealed. The court is of the opinion that, as contended by the district attorney, the disclosure of the statements of defendants would interfere with his investigation and prosecution of the criminal cases against defendants and that, therefore, these statements should not be released at the present time.

The court as well as the public is concerned about the burglaries and robberies of offices, stores, banks and attempted kidnapping.

The press from outside the county are seeking to learn whether the recent successful investigations by the district attorney, by the county detectives, Pennsylvania State Police and Federal Bureau of Investigation will be assisted or hindered by the actions of the court and the committee of the bar association.

The radio and press news agencies have offered to co-operate with the law enforcement agencies, consistent with their duties to keep the public informed.

The file in this case is not sealed and is a public record. But just as the law enforcement agencies must have privacy during their investigations, so must this committee until it reveals its findings and recommendations.

So that the committee may proceed with its own investigations, the court will authorize subpoenas to be issued directed to defendants who were named in the petition, together with such additional subpoenas as may be necessary. The work of the committee will proceed independent of the work of the regularly constituted authorities. Such funds as the committee may require for its purpose will be supplied. The court need not instruct this committee how to function as it is an able committee of experienced lawyers. The district attorney is directed to furnish the committee with the names of any attorneys whom defendants claim represented them in false or exaggerated claims. After examining defendants and obtaining their complete testimony relative to such claims, the committee will give the attorneys opportunities to testify or to furnish testimony in their own behalf.

The district attorney has in conference expressed a willingness to cooperate with the committee, and the court assumes that he will do so in such a manner as not to hinder his investigation and prosecutions which now appear to be well under way. He will keep in mind, however, that the reported admissions do not include all of the burglaries and robberies known to have been committed, nor those which defendants admit to have been planned and not executed.

Wherefore, the following order:

## Order

And now, January 10, 1961, the court having considered the petition of the Grievance Committee of the

Washington County Bar Association and the answer made thereto by the District Attorney of Washington County, restricts and limits the requirement of the order of January 3, 1961, so that the district attorney shall not produce the statements taken from the persons named until some future date to be fixed by the court. The district attorney shall forthwith furnish to the committee the names of any attorneys accused by defendants and the names of defendants who accused the said attorneys.

The committee shall proceed with its duties as required by the rules of the Washington County Bar Association and in accordance with instructions in the accompanying opinion and in this order.

The committee is authorized to use the following court officials as needed: the law clerk, the reporters and the stenographers.

This order may be amended or supplemented from time to time until the committee has completed its investigation and filed its report or reports with this court.